GRACE KIRTZ *v.* ANNA M. KIRTZ

[No. 1461, September Term, 1981.]

*Decided July 12, 1982.*

The cause was argued before MORTON, MASON and BISHOP, JJ.

*Lee Gordon,* with whom were *Gordon & Goodman, P.A.* on the brief, for appellant.

*Michael J. Baxter,* with whom were *John H. Bolgiano* and *Smith, Somerville & Case* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The appellant, Grace Kirtz, is the mother of Anna M. Kirtz, the appellee. The mother brought suit in the Superior Court of Baltimore City against the daughter to recover damages for injuries she sustained in an automobile accident. At the time of the accident the mother was a passenger in a car being driven by the daughter. A demurrer was filed on behalf of the daughter on the ground that the suit could not be maintained by the mother because at the time of the accident the daughter was a minor.

In sustaining the appellee's demurrer, Judge Joseph H. H.

Kaplan made the following findings which are not disputed by the parties:

"Based upon the agreement of the parties at the hearing, the Court makes the following findings of fact:

1. At the time of the accident, March 29, 1979, Plaintiff, Grace Kirtz, was a passenger in an automobile being driven by Defendant, Anna M. Kirtz.

2. Defendant, Anna M. Kirtz, was born on December 3, 1961.

3. At the time of the accident, Defendant, Anna M. Kirtz, was seventeen years of age.

4. On June 10, 1981, the date the instant suit was filed, Defendant, Anna M. Kirtz, was nineteen years of age.

5. Plaintiff, Grace Kirtz, is the mother of Defendant, Anna M. Kirtz."

In this appeal the mother phrases the single issue:

"Did the lower court commit reversible error in granting the demurrer because, under the particular facts and circumstances of this motor-tort case, the appellant-mother should be allowed to maintain a cause of action against her subsequently emancipated appellee-daughter?"

It is conceded on behalf of the mother that in *Schneider v. Schneider,* 160 Md. 18 (1930), the Court of Appeals denied the right of a mother to sue her minor son for injuries arising out of an automobile accident, stressing "the importance of maintaining the family relation free for other reasons from the antagonisms which such suits imply." 160 Md. 23. Counsel for the mother in this appeal points out that the principle of *Schneider* was enunciated more than half a century ago and urges us to abandon that principle or, at a minimum, to modify it by permitting the mother in the case at bar to sue her daughter. Counsel asserts:

"Because this case presents a narrow factual

base, unencumbered by other more controversial family immunity considerations, this Court has a golden opportunity to at last formulate a rule of reason in what has formerly been a judicial thicket."

More than ten years ago this Court was importuned in *Latz v. Latz a/k/a Schafer,* 10 Md. App. 720, 725 (1971), to "overrule *Schneider* or depart from its rule." This Court announced: "We are not persuaded to do so." Even if this Court had the authority, we are still not persuaded to depart from the rule of *Schneider.*

It is argued on behalf of the mother that "since Maryland law requires insurance coverage for said vehicle so as to protect innocent victims in case of tortious conduct of the teenage minor, and since nowhere is there an explicit statutory exclusion for the parent-passenger, it would offend common sense and promote the very situation the legislature wanted to avoid by so penalizing the innocent victim of a motor tort, such as Mrs. Kirtz." This same argument was advanced in *Latz,* and we responded:

"We do not think that the fact that appellee may have been protected by liability insurance affects the answer to the question. There is no doubt of the attitude of the Court of Appeals on the effect of liability insurance for it said in *Schneider [v. Schneider,* 160 Md. 18 (1930)] at 24:

'Reference has been made in argument to policies or contracts held by one or both of the sons for indemnifying them against loss from recovery of judgment against them, but there is no reference in the record to such policies. They would not be relevant. The suit is not one on a policy, and the possession of a policy by the

defendants could not affect the disposition of this case."

10 Md. App. 729-730. (Footnote omitted.)

As we indicated in *Latz,* and as we announce today, if the rule of *Schneider* is to be changed, the Court of Appeals or the Maryland General Assembly will have to do it.

*Judgment affirmed; costs to be
paid by appellant.*